*19-000180783*

**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
**STATE OF FLORIDA**

| | |
|---|---|
| ISLAND ROOFING AND RESTORATION LLC (A/A/O EUGENE CAVANAGH AND PARASKEVI CAVANAGH) | **CASE #:** 2019CA002346 |
| | **COURT:** CIRCUIT COURT |
| | **COUNTY:** COLLIER |
| PLAINTIFF(S) | **DFS-SOP #:** 19-000180783 |
| VS. | |
| ELECTRIC INSURANCE COMPANY | |
| DEFENDANT(S) | |
| _____/ | |
| SUMMONS, COMPLAINT | |

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, July 9, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, July 11, 2019 to the designated agent for the named entity as shown below.

ELECTRIC INSURANCE COMPANY
LISA R PIERCE
75 SAM FONZO DR
BEVERLY, MA 01915

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

JAY ARNESEN
ARNESEN WEBB, P.A.
900 N. FEDERAL HWY.
STE 280
BOCA RATON, FL 33432

EXHIBIT "A"

CC1

Filing # 91038868 E-Filed 06/13/2019 11:14:18 AM

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO.:

ISLAND ROOFING AND
RESTORATION LLC
(a/a/o Eugene Cavanagh
and Paraskevi Cavanagh),

         Plaintiff,

vs.

ELECTRIC INSURANCE
COMPANY,

         Defendant.

_____

## SUMMONS

**THE STATE OF FLORIDA**

To the Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request to Produce and Interrogatories, in this action on the Defendant:

**ELECTRIC INSURANCE COMPANY**

DEFENDANT TO BE SERVED CARE OF:

**CHIEF FINANCIAL OFFICER as RA
200 E. GAINES STREET
TALLAHASSEE FL 32399**

    Each Defendant is required to serve written defenses to the Complaint on the Plaintiff's attorney, **PARIS R. WEBB, ESQ,** ARNESEN WEBB, P.A., located at 197 South Federal Highway, Suite 300, Boca Raton, FL 33432, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or

RECEIVED AS STATUTORY REGISTERED AGENT on 09 July, 2019 and served on defendant or named party on 11 July, 2019 by the Florida Department of Financial Services

immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**DATED** this _____ day of Jun 17 2019 _____, 2019.



**CRYSTAL K. KINZEL**
As Clerk of said Court

*Catherine Klug*

BY: _____
As Deputy Clerk

**ARNESEN WEBB, P.A.**
Attorneys for Plaintiff
197 South Federal Highway, Ste. 300
Boca Raton, FL  33432
Telephone:   (561)-757-6000
Facsimile:    (877)-241-2411
paris@insurancelawyers.org
eservice@insurancelawyers.org

By____*/s/ Paris R. Webb*_____
     **PARIS R. WEBB**
     Florida Bar No.: 713074

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO.:

ISLAND ROOFING AND
RESTORATION LLC
(a/a/o Eugene Cavanagh
and Paraskevi Cavanagh),

        Plaintiff,

vs.

ELECTRIC INSURANCE
COMPANY,

        Defendant.
_____

## COMPLAINT
_____

Plaintiff, ISLAND ROOFING AND RESTORATION LLC, by and through undersigned counsel, sues the Defendant, ELECTRIC INSURANCE COMPANY, (hereinafter "Defendant"), and alleges:

1. This is an action for damages in excess of $15,000.00, exclusive of court costs, attorney's fees, and interest, and therefore within the jurisdiction of this Court.

2. At all material times, Plaintiff, ISLAND ROOFING AND RESTORATION LLC, (hereinafter "Plaintiff"), is or was a corporation organized and existing under the laws of the State of Florida with its principal place of business in Collier County, Florida, and does business in Collier County, Florida. Plaintiff is an assignee of Eugene Cavanagh and Paraskevi Cavanagh (hereinafter the "Assignors").

3. At all material times, Defendant is a Florida company fully licensed to transact insurance in the State of Florida and maintains agents and/or other representatives for the transaction of its customary business in Collier County, Florida.

4. At all material times, Defendant issued a policy of insurance which inured to the benefit of the Assignors identified as policy number 6486784H1 (hereinafter the "Policy"). The Policy provided property insurance for the Assignors' residential property located at 8673 Erice Ct., Naples, Florida 34114 (hereinafter the "Property"). A complete copy of the Policy is presently unavailable to the Plaintiff, but should be in the possession of the Defendant herein and will be obtained through discovery.

5. On or about September 10, 2017, the Assignors suffered substantial damages to the Property caused by Hurricane Irma.

6. Plaintiff provided construction consulting services and other necessary services for the Assignors in connection with the subject loss.

7. The Policy was in full force and effect on the date of the subject loss.

8. The Policy provides insurance coverage for all of the losses, damages and expenses that Assignors have suffered and incurred with regard to the subject loss.

9. Assignors have either actually or equitably assigned the insurance benefits which they are entitled to under the Policy to Plaintiff, by writing, parol, or other course of conduct. Hence, the Plaintiff now stands in the position of Assignors. A copy of an assignment executed and/or agreed to and/or accepted by the Assignors is attached hereto and marked as Plaintiff's Exhibit "A".

10. Defendant was provided with prompt and timely notice of Plaintiff's claim for assigned benefits under the Policy, and was promptly and timely provided with documentation of Plaintiff's assignment of benefits and estimate of damages.

11. Defendant acknowledged Plaintiff's claim and assigned claim number 20190425006.

12. All terms and conditions of the Policy and all conditions precedent to the bringing of the instant action have been performed, waived or excused.

13.     To date, the Defendant has breached the Policy by failing to pay Plaintiff all assigned proceeds due and owing under the Policy.

14.     Because of Defendant's breach of contract by refusal to pay said covered losses, it has become necessary for the Plaintiff to retain the services of the undersigned attorney, and has agreed to pay a reasonable fee for said services, plus necessary costs.

15.     Pursuant to Chapter 627.428, Florida Statutes, Plaintiff is entitled to recover its attorney's fees.

WHEREFORE, Plaintiff, ISLAND ROOFING AND RESTORATION LLC, demands that judgment be entered against the Defendant, for damages of all covered losses, interest on any and all overdue payments, attorney's fees, costs, and any other remedy the court deems necessary and proper and demands trial by jury of all issues triable as of right by a jury.

**ARNESEN WEBB, P.A.**
Attorneys for Plaintiff
197 South Federal Highway, Ste. 300
Boca Raton, FL  33432
Telephone:   (561)-757-6000
Facsimile:    (877)-241-2411
paris@insurancelawyers.org
eservice@insurancelawyers.org

By     */s/ Paris R. Webb*
          **PARIS R. WEBB**
          Florida Bar No.: 713074



**Island Roofing and Restoration LLC**  **Certified Roofing Contractor CCC1327412**
12342 Tamiami Trail East, Suite 201  Certified General Contractor CGC1512249
Naples, FL 34113  (239) 778-4050

**Owner:** Eugene Cavanagh  **Owner:** Paraskevi Cavanagh

**Address:** 8673 Erice Court, Naples, FL 34114

**Phone:** (732) 604-0551  **Email:** chip401@mac.com

**Insurance Co.:** Electric Insurnace Co  **Policy #:** 6486784h1

**Claim #:** 20190425006  **Date of Loss:** 09/10/2017

This Agreement made by and between Island Roofing and Restoration, LLC., hereinafter called the "Contractor" and the above-named Owner(s), hereinafter called the "Owner". Contractor and Owner(s), for the consideration named herein, the sufficiency hereby acknowledged, hereby agree as follows:

**Article 1 - Objective -** The Owner(s) is/are hiring Contractor to perform a replacement of the roof and all other repairs on the property, damaged, as a result of, a casualty/loss suffered by Owner(s)s, which is covered by Owner's Insurance Policy. By executing this Agreement, Owner authorizes Contractor to prepare a proposed Scope of Work reflecting all necessary repairs related to the damages, using industry standard scoping & pricing data (the "Work").

**Article 2 – Insurance -** The Work is subject to approval by your insurance company. If the claim is not covered or if the price and scope of Work are not approved by your insurance company and after exhaustion of all legal remedies surrounding the disputed Claim, this contract is voidable at the discretion of the Contractor. If the Scope of Work and pricing is accepted by your insurance company, Contractor will obtain payment directly from the insurance company. You will remain responsible to pay your Insurance Deductible, and any items required by law but not covered by your insurance. This Agreement applies to all funds received from your insurance company for this casualty/loss, inclusive of any additions, supplements and/or General Contractor Overhead & Profit paid or payable by the Insurance Company.

**Article 3 - Assignment –** Owner(s) hereby assign any and all insurance rights, benefits, and proceeds under any applicable insurance policies relating to the above-referenced casualty/loss to Contractor. Owner(s) make this assignment in consideration of Contractor's agreement to perform services, supply materials, assess damages to the roof and other areas of the home, and otherwise perform its obligations under its contract with Owner(s), including Contractor not requiring full payment at the time of service. Owner(s) intend(s) to transfer all insurance rights to Contractor, including any causes of action which exist or may exist in the future relating to the above-referenced casualty/loss.

**Article 4 – Direct to Pay -** I hereby authorize and unequivocally demand direct payment of any benefits or proceeds for services rendered by Contractor to be made payable solely to Contractor and shall be delivered directly and exclusively to Contractor. I/we agree that any portion of work, deductible(s), betterment, depreciation, or additional work requested by me, or otherwise not covered by insurance, is ultimately my responsibility.

**Article 5 –** Owner(s) agree(s) to assist Contractor in obtaining payment from the Insurance Company by providing all necessary document reasonably required by Contractor and/or Insurance Company and by executing any additional documents reasonably required by Contractor and/or Insurance Company to make the payments to Contractor.

**Article 6 – Lien Warning:** Florida law mandates the following provision be included in all residential construction contracts:

**ACCORDING TO FLORIDA'S CONSTRUCTION LIEN LAW (SECTIONS 713.001-713.37, FLORIDA STATUTES), THOSE WHO WORK ON YOUR PROPERTY OR PROVIDE MATERIALS AND SERVICES AND ARE NOT PAID IN FULL HAVE A RIGHT TO ENFORCE THEIR CLAIM FOR PAYMENT AGAINST YOUR PROPERTY. THE CLAIM IS KNOWN AS A CONSTRUCTION LIEN. IF YOUR CONTRACTOR OR A SUBCONTRACTOR FAILS TO PAY SUBCONTRACTORS, SUB-SUBCONTRACTORS, OR MATERIAL SUPPLIERS, THOSE PEOPLE WHO ARE OWED MONEY MAY LOOK TO YOUR PROPERTY FOR PAYMENT, EVEN IF YOU HAVE ALREADY PAID YOUR CONTRACTOR IN FULL. IF YOU FAIL TO PAY YOUR CONTRACTOR, YOUR CONTRACTOR MAY ALSO HAVE A LIEN ON YOUR PROPERTY. THIS MEANS IF A LIEN IS FILED YOUR PROPERTY COULD BE SOLD AGAINST YOUR WILL TO PAY FOR LABOR, MATERIALS, OR OTHER SERVICES THAT YOUR CONTRACTOR OR A SUBCONTRACTOR MAY HAVE FAILED TO PAY. TO PROTECT YOURSELF, YOU SHOULD STIPULATE IN THIS CONTRACT THAT BEFORE ANY PAYMENT IS MADE, YOUR CONTRACTOR IS REQUIRED TO PROVIDE YOU WITH A WRITTEN RELEASE OF LIEN FROM ANY PERSON OR COMPANY THAT HAS PROVIDED TO YOU A "NOTICE TO OWNER." FLORIDA'S CONSTRUCTION LIEN LAW IS COMPLEX, AND IT IS RECOMMENDED THAT YOU CONSULT AN ATTORNEY.**

**Article 7 – Owner's Acceptance:** Owner(s) agree(s) to pay the contract amount $_____. This price is subject to change due to unforeseen damages, code requirements, or supplemental payments from Insurance Carrier.

**Article 8 –** I/we represent and warrant that I/we am/are the owner(s) of the above real estate and I have the authority to execute this contract. I/we have read and fully understand this Agreement and I agree to all Terms and Conditions contained herein and on the following page. I/we have received a signed copy of this agreement.

**TERMS AND CONDITIONS**

**Article 9 –Guarantee On Material And Workmanship**: All materials are guaranteed to be as specified in the warranty provided by the manufacturer's warranty. The installation is guaranteed to be performed in accordance with the permits approved by the municipal authority having jurisdiction over the Work for ten years from the date of substantial completion. However, no warranty will be provided for damage caused to the Work by ordinary wear and tear, lack of adequate maintenance, or acts of God, including hurricanes, tornadoes, and the like.

**Initial(s)** E.C.   P.C.

EXHIBIT A

**Article 10 – Changes in Scope of Work**:  Any change in the Scope of Work specifically requested by Owner or required by plan reviewers, city inspectors, and county or state building/planning departments involving extra costs ("Additional Work") will be performed by Contractor and will become an extra charge over and above the Total Price.  Also, Additional Work may be required if concealed conditions are discovered after work has commenced which require work beyond the work described in the Scope of Work.  Contractor may, at its discretion, stop work until the parties execute a Change Order describing the additional work and the cost for same.  In the event that additional work is performed and a change order between the parties was not executed, work will be charged on a time and material basis, plus 20% for Contractor's profit and overhead expenses.  The cost of the Additional Work will be added to the outstanding balance to be paid by Owner and/or Insurance Company.

**Article 11 – Three Day Right Of Rescission**:  Owner may cancel this Agreement at any time before midnight of the third business day after the date of this agreement.

**Article 12 – Notes and Exceptions**.
**A.**  The Total Price shall not include (i) Additional Work not included in the Scope of Work; (ii) variances required by the governing authority or the Homeowner's Association; (iii) repair or replacement of fascia, unless specified; (iv) Replacement of deteriorated decking, flashings or other materials not approved for replacement by your insurance company (v) utilities; (vi) repair or replacement of existing moldings; and/or (vii) Homeowner's Association fees.
**B.**  Plans, Drawings, and Designs made by Contractor, or its assigns, for the Work will remain the property of Contractor.
**C.**  If the Owner's policy is an ACV policy, Contractor will attempt to generate enough available monies to repair/replace the roof, not to exceed the RCV value.  If Contractor determines, in its sole and absolute discretion, that the insurance proceeds available are sufficient to repair/replace the roof, then Owner agrees to pay Contractor all available insurance proceeds.

**Article 13 – Time of Completion:**  Owner acknowledges that delays to the progress of the Work can be caused by events out of Contractor's control, including but not limited to delays in permit processing, inspections, material shortages, unavailability of qualified workers, and severe weather events.  Contractor shall not be liable for any failure to undertake or complete the Work within a particular time.  Contractor may suspend the Work for nonpayment and for causes beyond its control, including but not limited to fire, flood or other casualty; the presence on or beneath the work site of utilities, facilities, substances, or objects, including but not limited to any substance that is hazardous or toxic or the reporting, remediation, or clean-up of which is required by any law or regulation (together "subsurface conditions"); labor disputes or other disagreements; and accidents or other mishaps, whether affecting this work or other operations in which Contractor is involved, directly or indirectly.  No claim for damages shall be made or asserted against the Contractor by reason of any delays, disruptions, or interference.

**Article 14 – General Provisions**
**A.**  This document is the full Agreement between Owner and Contractor, regardless of any prior proposals or communications and is subject to approval by your insurance company of Scope of Work and Price.  Contractor will not be obligated to perform any work absent agreement with your insurance company.
**B.**  Contractor will maintain Workers' Compensation covering its employees, as well as General Liability Insurance, as required by law.
**C.**  Owner shall provide suitable access to the work area.  If Contractor's work is dependent upon or must be undertaken in conjunction with the work of others, such work shall be so performed and completed as to permit Contractor to perform its work hereunder in a normal uninterrupted single shift operation.
**D.**  First payment shall be 40% of the approved roof value, or all of the total received ACV (whichever is less).  The second payment, deductible and all other ACV monies, are due upon final inspection of the roof.  No other trades (e.g. gutters, stucco, paint, interior) will be performed until the second payment is paid by Owner and received by Contractor.  Gutters and stucco will be completed after the second payment.  All other trades will be performed as money is paid by the Carrier.
**E.**  Final payment for all work performed hereunder shall be made upon issuance of a Certificate of Occupancy by the building department or upon passing final inspection by the building department.  No punch list work shall be performed until Contractor has received Final Payment.  Interest at the rate of one and one half percent (1 ½ %) per month shall accrue on all unpaid balances from the due date to the date Contractor receives payment.
**F.**  Attorney's Fees and Costs:  If any action is brought arising out of or related to this Agreement, the prevailing party shall be entitled to reasonable attorney's fees (at all levels), costs, and necessary disbursements in addition to any other relief to which it may be entitled.
**G.**  Dispute Resolution:  Any claim, dispute, or other matter in question arising out of or related to this Agreement or the Work provided hereunder shall be filed in a Court of competent jurisdiction and shall be tried before a Judge.  THE PARTIES HEREBY WAIVE THEIR RIGHT TO A TRIAL BY JURY.
**H.**  Venue and Choice of Law:  The parties agree that venue for any action arising out of this Agreement or performance hereunder, must be in Collier County, Florida, to the exclusion of all other places.  This Agreement is governed and will be interpreted in accordance with Florida Law.
**I.**  This Agreement constitutes the entire agreement and understanding between the parties and supersedes all prior communications, written and oral.  This Agreement may be amended only by a written instrument signed by both parties.
**J.**  If after the roof has been completed and paid in full, including supplements, additions and/or Contractor's Overhead and Profit allotted for the roof, the Owner or Contractor should want to terminate its contractual obligations to the other they may do so with no penalties.
**K.**  Florida law mandates the following provisions be included in all residential construction contracts:

**CHAPTER 558 NOTICE OF CLAIM**

ANY CLAIMS FOR CONSTRUCTION DEFECTS ARE SUBJECT TO THE NOTICE AND CURE PROVISIONS OF CHAPTER 558, FLORIDA STATUTES.

**FLORIDA HOMEOWNERS' CONSTRUCTION RECOVERY FUND**

PAYMENT MAY BE AVAILABLE FROM THE FLORIDA HOMEOWNERS' CONSTRUCTION RECOVERY FUND IF YOU LOSE MONEY ON A PROJECT PERFORMED UNDER CONTRACT, WHERE THE LOSS RESULTS FROM SPECIFIED VIOLATIONS OF FLORIDA LAW BY A LICENSED CONTRACTOR.  FOR INFORMATION ABOUT THE RECOVERY FUND AND FILING A CLAIM, CONTACT THE FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD AT THE FOLLOWING TELEPHONE NUMBER AND ADDRESS:

FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD
1940 MONROE STREET, SUITE 33
TALLAHASSEE, FL 32399-1039
Phone: 850.487.1395

e-Signed by Eugene Cavanagh  05/13/2019
_____
**Owner                    Date**

e-Signed by Calvin Lillion  05/13/2019
_____
**Island Roofing & Restoration, LLC.           Date**

e-Signed by Paraskevi Cavanagh  05/16/2019
_____
**Owner                    Date**